THE STATE v. JOHN FLYNN.

Indictment charged defendant with keeping a house on the highway in the city of Houston, in the county of Harris, "as, and for a resort for evil disposed, drunken and disorderly persons; and said house was then and there, with the consent of said John Flynn, defendant, resorted to by persons," who, by loud talking, swearing, etc., did greatly annoy passers upon the highway and citizens in the neighborhood. *Held*, that the indictment sufficiently charges a common nuisance under Article 2034, Paschal's Digest.

APPEAL from the Criminal District Court of Harris county. Tried below before the Hon. Samuel Dodge.

The indictment was demurred to in the court below, and demurrer was sustained; whereupon the State appealed.

*Wm. Alexander, Attorney General*, for the State, cited Allen v. The State, 34 Texas, 230.

No brief for the appellee.

OGDEN, J.—The indictment in this case charges the defendant with keeping a house on the highway in the

city of Houston, in the county of Harris, "as, and for a resort for evil disposed, drunken and disorderly persons; and said house was then and there, with the consent and by the permission of said John Flynn, resorted to by persons who, by loud talking, profane swearing, obscene language, and in divers ways, and by divers other means, greatly annoy, inconvenience, hurt and trouble, not only all the inhabitants on said highway and public street, and in said neighborhood, but all the good citizens of said State passing and repassing, riding, walking, laboring, dwelling, and reposing on said public street and highway and said neighborhood." We think this indictment sufficient, under Article 2034, Paschal's Digest, to charge a common nuisance, and that the court erred in quashing the same. The judgment is therefore reversed, and the cause remanded.

REVERSED AND REMANDED.