MARTHA JOHNSON *v.* THE STATE.

COMMON-LAW NUISANCES. — That clause of article 2034, Paschal's Digest, which purports to make it a misdemeanor "to do any act or thing that would be deemed and held a nuisance at common law," is not a valid enactment. The cases of *Allen* v. *The State*, 34 Texas, 230, and *The State* v. *Flynn*, 35 Texas, 354, are hereby overruled.

APPEAL from the County Court of Dallas. Tried below before the Hon. R. H. WEST, County Judge.

The substance of the charge in the information against the appellant was that she kept " a house on the highway in the city of Dallas, in the said county of Dallas and state of Texas, as and for a common resort for evil-disposed, disorderly, and drunken persons; and said house

was then and there, and at divers other times, with the consent and by the permission of the said Martha Johnson, resorted to by persons who, by loud talking, profane swearing, obscene language, rudely and recklessly displaying and discharging fire-arms, and in divers ways, and by divers other means, did greatly annoy, inconvenience, hurt, and trouble all the inhabitants on said public street and highway and in said neighborhood, and all the good citizens of said state passing and repassing, riding, walking, dwelling, and reposing on and in said public street and highway; wherefore, the county attorney charges that said Martha Johnson, in manner and form as aforesaid, did keep, permit, and establish, in said neighborhood and on said street and highway, a common nuisance, contrary," etc.

*Crawford & Crawford*, for the appellant.

*H. H. Boone*, Attorney-General, for the State.

Ector, P. J.   This prosecution was commenced against the appellant, by information, under article 2034 of Paschal's Digest, and under that clause of said article which reads as follows, to wit:   "Or shall do any act or thing that would be deemed and held a nuisance at common law, shall be guilty of a misdemeanor, and, on conviction by indictment, fined in any sum not exceeding five hundred dollars."

Defendant filed a motion to quash the information.   The fourth ground set out in the motion is, "because the information charges no offense against the laws of the state of Texas."   The motion to quash was overruled by the court, and this action of the court is made the first assignment in error.

We do not believe that the clause under which this information was begun is a valid statute.   In the very outset of the Penal Code, part 1, under the caption "General

provisions relating to the whole Code (title 1): The general objects of the Code, the principles on which it is founded, and rules for the interpretation of penal laws," we find the following provisions:

"Art. 1. The design of enacting this Code is to define in plain language every offense against the laws of this state, and to affix to each offense its proper punishment." Pasc. Dig., art. 1603.

"Art. 3. In order that the system of penal laws in force in this state may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission as a penal offense unless the same is expressly defined, and the penalty affixed, by the written law of this state." Pasc. Dig., art. 1605.

The Supreme Court, in *The State* v. *Randall*, 41 Texas, 294, 295, says: " This article was intended to prohibit the prevailing practice in this state, before the adoption of the Code, of looking to the common law, and outside of the penal statutes of the republic and state, for the prosecution of persons for what were designated as offenses at common law, but which were not made penal by our statutes."

We are aware of the fact that the very clause of article 2034 under which this information is prepared has been before the Supreme Court, and it has been held that there is no necessary repugnance between this provision and article 1605. *Allen* v. *The State*, 34 Texas, 230, and *The State* v. *Flynn*, 35 Texas, 354. The information in this case is framed very much like the indictment in the case last cited, and the opinion of the court in *The State* v. *Flynn* is simply an affirmation of the conclusion reached in the case of *Allen* v. *The State*. The court says: " We think this indictment sufficient under article 2034, Paschal's Digest, to charge a common-law nuisance, and that the court erred in quashing the same."

In the case of *Allen* v. *The State*, 34 Texas, the indictment was sustained on the very clause upon which this information was based — that if any person " shall do any act or thing that would be deemed and held to be a nuisance at common law, he shall be guilty of a misdemeanor," etc. The court says : " This language is unequivocal and easy of definite ascertainment." And yet, in the very next sentence, the court says : " It is true that every act which constitutes a nuisance at common law is not described in the statute." And, again, the court says : " It is hard to perceive the logic by which counsel arrive at this conclusion, as both articles were passed by the Legislature at *one* and the *same* time, and in *one* and the *same* act ; and it is difficult to see how one section of the same act should have the force and effect to annul and destroy another." This is the reasoning of the court for sustaining the validity of this clause in article 2034.

Our attention has been called to the fact, by counsel for defendant in their able brief, that the court was mistaken in reference to the order and time of the passage of the different acts ; that article 1605 was adopted August 28, 1856, but article 2034 was not passed till February 11, 1860, as will appear by the acts of the Eighth Legislature (Gen. Laws, 97), where said act will be found, numbered 399 *d.*

We do not believe that these decisions are correct expositions of the law, or that a prosecution can be maintained under that clause of article 2034 under which this information is prepared.

The judgment of the lower court is reversed and the cause dismissed.

*Reversed and dismissed.*